United States District Court
Southern District of Texas
**ENTERED**
July 24, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LESTER J. MUNN, § | |
| (TDCJ-CID #620696), § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-15-1767 |
| § | |
| OFFICER JOHN DOE, *et al.*, § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Lester J. Munn, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in June 2015, alleging civil rights violations resulting from a denial of adequate medical care, improper work assignment, and verbal threats. Munn, proceeding pro se and in forma pauperis, sues Beverly Armstrong, M.D.; Betty J. Williams, M.D.; Deborah Reed; Derrick Johnson; and John Doe, correctional officer.

The threshold issue is whether Munn's claims should be dismissed as frivolous. The court concludes that Munn's claims lack merit and should be dismissed for the reasons stated below.

**I.    Munn's Allegations**

Munn states that he suffers from seizures and high blood pressure. Munn asserts that on March 20, 2015, Dr. Armstrong prescribed seizure medications that caused dizziness. On March 30, 2015, Dr. Williams prescribed different seizure medications that caused him to lose his appetite and become absent-minded. Officer Reed allegedly assigned Munn to work in the field based on the physician's orders, and Officer Johnson threatened to shoot Munn if he got sick and "go[es] down again." (Docket Entry No. 5, p. 4).

Munn states that he received medications every time he was seen by medical personnel.

(Docket Entry No. 26, p. 4).

Munn states that he had the following work restrictions: no climbing; lower bunk; and no lifting. When asked if the defendants knew of his work restrictions, he responded that they were supposed to contact the medical department before assigning him to work. (Docket Entry No. 26, p. 4). Defendant Johnson allegedly told Munn that the classification department had assigned Munn to work in the field. When asked to describe his job assignment, Munn stated that he was assigned to the "kitchen or l[a]undry. Some then [sic] easy not hard." (Docket Entry No. 26, p. 5).

Munn seeks $400,000.00 in compensatory damages and unspecified punitive damages.

## II. Standard of Review

A federal court has the authority to dismiss a complaint in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Claim Based on a Denial of Adequate Medical Care

"[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999)(quoting *Estelle v.*

*Gamble*, 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Stewart*, 174 F.3d at 534 (citing *Estelle*, 429 U.S. at 104). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105-106).

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)(quoting *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)(citing *Farmer*, 511 U.S. at 842 & n.8).

Deliberate indifference is an extremely high standard to meet. An incorrect diagnosis by prison medical personnel does not state a claim for deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Rather, a plaintiff must allege facts showing that the officials "refused to treat him,

ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238. Whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838.

Munn alleges that Dr. Armstrong and Dr. Williams prescribed seizure medications that caused him dizziness, to become absent-minded, to lose his appetite, and to become mean. Munn further asserts that medical personnel should not have changed his prescription because this caused various side effects.

Dr. Armstrong's and Dr. Williams's failure to alleviate a significant risk that they should have perceived, but did not, is insufficient to show deliberate indifference. The record showing an extended history of examinations, diagnoses, and medications rebuts Munn's allegations of deliberate indifference. *Mendoza v. Lynaugh,* 989 F.2d 191, 193-95 (5th Cir. 1993). Munn has not alleged facts supporting an inference that the medical care provided to him was so inadequate that the defendants knew of and were deliberately indifferent to a substantial risk to Munn's health. His own pleadings show that he was regularly examined by medical personnel and prescribed medications. Munn admitted that he was seen by medical personnel on numerous occasions, prescribed treatment, and prescribed medications. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimizana,* 122 F.3d 286, 292 (5th Cir. 1997). Munn has not alleged facts that, if proven, would support the inference that the defendants were aware of, and disregarded, a substantial risk of harm to Munn. Nor did he suffer substantial harm as a result of changing the prescription for his seizure medications. Munn's

medical care claim lacks merit.

## IV. The Claim Based on an Improper Work Assignment

In *Jackson v. Cain,* 864 F.2d 1235 (5th Cir. 1989), the Fifth Circuit held that "[i]f prison officials knowingly put [a prisoner] on a work detail which they kn[o]w would significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs," and thus violate the Eighth Amendment. *Id.* at 1246; *see also Mendoza v. Lynaugh,* 989 F.2d 191, 194 (5th Cir. 1993) ("To be sure, if prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference." (citing *Jackson,* 864 F.2d at 1246)). "[T]he constitutionality of a particular working condition must be evaluated in the light of the particular medical conditions of the complaining prisoner." *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989).

In *Farmer v. Brennan,* 511 U.S. 825 (1994), the Supreme Court clarified the level of culpability that constitutes "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Allegations of more than negligence are required. *See Farmer,* 511 U.S. at 835 ("While . . . deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

In *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994), the plaintiff testified at a *Spears* hearing that when detention officers ordered him to clean floor caulking, the plaintiff told the officers that he physically could not do the work and had medical restrictions from an earlier back injury. One of the officers threatened plaintiff with a disciplinary report for failure to obey a direct order if he failed to do the cleaning. As plaintiff worked at the cleaning job, his back began to hurt. The officers kept telling him to continue working without stopping, even after plaintiff informed them of his pain. While plaintiff continued with this work, his pain increased. At some point, he developed pain in his lower abdomen. Plaintiff finally left the wing after he observed a lump form on his abdomen. Subsequent medical examinations revealed that Reeves had a hernia. Plaintiff testified that if any one of these officers had checked into his medical restrictions, the onset of the hernia could have been avoided.

The Fifth Circuit concluded that even under the facts alleged, the deliberate indifference standard was not met. Even if the officers had checked, there were no current medical restrictions on the prisoner for his back. There was no objective indication that the prisoner had a hernia. The court concluded that even though the prisoner complained of pain, the officer's insistence that he work amounted to no more than negligence. *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (defining "wanton").

Munn complains that he was forced to perform work despite his medical condition. This court construes Munn's allegations liberally because he is a pro se litigant. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

In *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94 (5th Cir.), *cert. denied*, 513 U.S. 883 (1994), the Fifth Circuit noted that when a court provides a plaintiff proceeding in forma

pauperis with an opportunity to amend his complaint by answering a questionnaire, this opportunity "limits our license to engage in speculation as to the existence of additional facts." *Id.* at 97. The questionnaire in *Macias* contained questions that "were specifically tailored to elicit relevant facts that might support [the plaintiff's] claims." *Id.*

Similarly, the interrogatories posed by this court in its questionnaire asked for information concerning the defendants' statements, conduct, and their knowledge of Munn's condition. Munn has had an opportunity to clarify his allegations with respect to the defendants' state of mind. This court has provided Munn an opportunity to state his allegations more specifically. *See Eason v. Thaler,* 14 F.3d 8, 10 (5th Cir. 1994) (holding that district court abused its discretion in dismissing in forma pauperis complaint without providing plaintiff with opportunity to offer more detailed factual allegations); *see also Mitchell v. Sheriff Dep't, Lubbock Cnty., Tex.,* 995 F.2d 60, 62-63 (5th Cir. 1993) (vacating and remanding district court's § 1915(d) dismissal of in forma pauperis complaint because plaintiff's allegations were unclear).

Munn's complaint does not contain allegations of more than negligence. According to Munn, he was forced to work in the field.

On December 14, 2016, this court entered an Order for More Definite Statement in which this court posed specific questions concerning Munn's medical condition and current work restrictions. (Docket Entry No. 24). Munn explains that he was required to work in the field. When asked if he informed the defendants of his medical condition, Munn stated that the classification department deferred to the medical department. (Docket Entry No. 26, Plaintiff's More Definite Statement, p. 6).

When asked to explain why his medical restrictions conflicted with the duties of his job

assignment, Munn stated he was not supposed to climb or lift objects over his head. (Docket Entry No. 26, p. 5).

This court understands Munn to argue that defendants exposed him to an unreasonable risk of harm to his health by failing to impose proper medical restrictions on his work assignment and requiring that he work in the field. This court reviews the constitutionality of assigning Munn to work in the field in light of Munn's medical history. *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989). Medical personnel evaluated Munn's physical condition and imposed the following work restrictions: no lifting and no climbing. Medical personnel determined that Munn could safely work in the field with the mentioned work restrictions. Even if Munn's allegations are taken as true, he has not alleged a constitutional violation, as he does not allege that prison officials knowingly forced him to perform work assignments which were inconsistent with his work restrictions or that they knowingly imposed work restrictions that were beyond his physical capabilities. *See Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989); *Mendoza v. Lynaugh,* 989 F.2d 191, 194 (5th Cir. 1993). Even if the defendants were negligent in establishing his work restrictions or making his job assignment, such negligence is not unconstitutional. *See Jackson,* 864 F.2d at 1246.

Although Munn claims to have a history of seizures and high blood pressure, he has failed to show that defendants knowingly assigned him to a work assignment knowing that the classification would significantly aggravate his condition. The defendants were apparently aware of Munn's limited mobility because they imposed work restrictions of no lifting and no climbing.

The defendants took steps to ensure that Munn was not placed in a work assignment that would aggravate his existing medical conditions. Munn's disagreement with his medical classification does not state a constitutional claim. *See Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir.

1992); *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989).

Nothing in Munn's pleadings suggests that Munn was forced to work in the field after informing the defendants that such work detail would aggravate Munn's medical condition. Munn does not allege that the defendants were aware of a substantial risk that Munn might be seriously harmed by working in the field. When asked about his work assignment, Munn responded that he was assigned to the kitchen or laundry. He further stated that this work assignment was not hard. Thus, it appears that Munn was initially assigned to work in the field, and after he alerted prison officials of his medical conditions, he was reassigned to work in the kitchen or laundry.

Munn has not alleged facts that, if proven, would show that any of the named defendants knew of, and disregarded, a substantial risk to Munn's health and safety. From the pleadings, it appears that prison officials were aware of Munn's medical restrictions and were taking steps to ensure that his work assignment was consistent with those medical restrictions. This court posed the following interrogatory to Munn, "(33) Did you inform defendants that your medical restrictions prevented you from performing the duties of your job assignment? If so, what was their response?" (Docket Entry No. 24, p. 4). Munn responded "yes," without explaining how the defendants responded. (Docket Entry No. 26, p. 5).

The facts Munn alleges do not demonstrate that he faced an obvious risk to his health or safety in working in the field. Munn's claim is "premised on an 'indisputably meritless legal theory,'" *Boyd v. Biggers,* 31 F.3d 279, 281 (5th Cir. 1994)(quoting *Neitzke,* 490 U.S. at 327), in light of the *Farmer* standard for deliberate indifference and the Fifth Circuit's holding in *Jackson,* 864 F.2d at 1246.

Munn's improper work assignment claim lacks an arguable basis in law and is dismissed as

frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## V. The Claim Based on Verbal Threats

Munn also alleges that Defendant Johnson threatened to shoot Munn if he became sick in the field. (Docket Entry No. 5, p. 4). It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley,* 1 F.3d 271, 274 (5th Cir. 1993).

The Fifth Circuit made the following statement about officials threatening a plaintiff:

> [I]n the Eighth Amendment context, our circuit has recognized as a general rule that "mere threatening language and gestures of a custodial officer[r] do not, even if true, amount to constitutional violations". *McFadden,* 713 F.2d at 146 (quoting *Coyle v. Hughs,* 436 F. Supp. 591, 593 (W.D. Okla. 1977)); *accord Johnson v. Glick,* 481 F.2d 1028, 1033 n.7 (2d Cir.) (the use of words, no matter how violent, does not comprise a § 1983 violation), *cert. denied,* 414 U.S. 1033 (1973); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner does not state constitutional deprivation under § 1983).

*Robertson v. Plano City of Texas,* 70 F.3d 21, 24 (5th Cir. 1995).

Munn's claim about Officer Johnson threatening or harassing him fails to state a claim upon which relief can be granted.

## VI. Conclusion

The action filed by Lester J. Munn (TDCJ-CID Inmate #620696) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot. To the extent that Munn attempts to assert claims against other defendants arising from other events, the claims against those officials are DISMISSED without prejudice as improperly joined. *See* FED. R. CIV. P. 21. The dismissal of this action as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996); *Patton v. Jefferson Corr. Ctr.,* 136 F.3d 458, 464 (5th Cir. 1998) (holding

prisoner cannot avoid strike by improperly joining claims to complaint). Munn has previously accumulated two strikes. *See Munn v. Harlan,* Civil Action Number 3:98-0111-X (N.D. Tex.)(dismissed as frivolous April 23, 1998); *Munn v. Harlan*, Civil Action Number 3:97-2411-P (N.D. Tex.)(dismissed as frivolous December 31, 1997). As Munn has now accumulated three strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

The TDCJ-CID must deduct twenty percent of each deposit made to Munn's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on JULY 21, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE